UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WINDHAM, | No. 2:22-cv-02099-WBS-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHARLES WRAY, et al., | |
| Defendants. | |

Plaintiff Charles Windham is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that plaintiff has been declared a three-strikes litigant within the meaning § 1915(g). *See Windham v. Franklin*, No. 2:16-cv-05888-SVW-JEM (C.D. Cal. Jan. 25, 2018) (findings and recommendations adopted by district judge on

1

March 22, 2018, identifying the following three "strikes": (1) *Windham v. Doyle*, Case No. 14-56710 (9th Cir.) (frivolous appeal); (2) *Windham v. Davies*, Case No. 14-cv-01651 (E.D. Cal.) (failure to state a claim); and (3) *Windham v. Franklin*, Case No. 15-56004 (9th Cir.) (frivolous appeal)). Plaintiff subsequently brought a fourth action while incarcerated that was dismissed for failure to state a claim upon which relief may be granted. *See Windham v. California*, No. 2:20-cv-00773-TLN-DB (E.D. Cal.) (case dismissed on April 14, 2021 after plaintiff failed to amend pursuant to court's August 31, 2020 order, which dismissed second amended complaint with leave to amend for failure to state a claim upon which relief could be granted).[1]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's complaint makes no such showing. *See* ECF No. 1 at 3 (November 2022 complaint regarding an alleged failure to investigate unspecified "crimes" from 2020). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[1] A prisoner may not avoid incurring a strike simply by declining to take advantage of an opportunity to amend. *Harris v. Mangum*, 863 F.3d 1133, 1142-1143 (9th Cir. 2017).

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE